KING, Circuit Judge,
concurring:
Bound by our decision in Bullard, I join in Judge Niemeyer’s opinion for the Court. I write separately to express my regret that controlling precedent compels such an unfair result. Prior to the FSA, Congress’s insistence on unduly harsh mandatory minimum sentences for nonviolent crack-cocaine offenders — even after such sentences were widely acknowledged to be racially discriminatory — was a grim misfire in the war on drugs. Remnants of the injustice thus occasioned will persist as the result of our opinion today.
Fortunately, the Supreme Court’s decision in Dorsey does hot foreclose the hope that Bullard could one day be abrogated. *288 As Judge Niemeyer’s opinion makes clear, Dorsey stopped short of deciding whether a defendant sentenced under the old regime may avail himself of an FSA-reduced mandatory minimum. The Dorsey decision therefore left open the possibility that the Court will confront that retroactivity issue in a subsequent case. The Court could yet be persuaded — as am I — by Black’s contention that the reasoning underlying Dorsey applies with equal force to defendants such as him. Others have made known their similar views. See United States v. Blewett, — F.3d -, -, No. 12-5226(L), 2013 WL 6231727, at *36-38 (6th Cir. Dec. 3, 2013) (en banc) (Rogers, J., dissenting). - Otherwise, I join the call for congressional and executive action following through on the noble promise of the FSA: to “restore fairness to Federal cocaine sentencing.” See Pub.L. 111-220, 124 Stat. 2372, 2372. There is nothing fair about the ongoing plight of thousands of crack-cocaine offenders who yet languish .in our prison system, serving sentences based largely on race-based misperceptions, rather than on the gravity of their criminal conduct.